**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE MURGUIA, | No. 15-15720 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00347-MMD-WGC |
| v. | |
| JACK PALMER; ADAM WATSON; DAMON HAYCOCK; STATE OF NEVADA, Department of Corrections, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 16, 2017[**]
San Francisco, California

Before: TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[***] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Louis Guirola, Jr., Chief United States District Judge
for the Southern District of Mississippi, sitting by designation.

Murguia, an employee of the state of Nevada, appeals from the district court's grant of summary judgment dismissing his First Amendment retaliation claim under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 916 (9th Cir. 2002). We affirm.

A First Amendment retaliation claim requires balancing "the interests of the public employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Huppert v. City of Pittsburg,* 574 F.3d 696, 702 (9th Cir. 2009) (quotation marks and alteration omitted) (overruled on other grounds by *Dahlia v. Rodriguez*, 735 F.3d 1060, 1070 (9th Cir. 2013) (en banc)). The Ninth Circuit employs a sequential five-step test – the "*Eng*" factors – to evaluate these claims.[1] All of the *Eng* "factors are necessary, in the sense that

---

[1] The first three factors require the plaintiff to show (1) that he spoke on a matter of public concern; (2) that he spoke as a private citizen rather than a public employee; and (3) that the relevant speech was "a substantial or motivating factor in the adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070-71 (9th Cir.2009). If the plaintiff establishes such a prima facie case, the burden of proof shifts to the government to show that (4) "the state had an adequate justification for treating the employee differently from other members of the general public"; or (5) "the state would have taken the adverse employment action even absent the protected speech." *Id*. at 1070-72.

failure to meet any one of them is fatal to the plaintiff's case." *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1260 (9th Cir. 2016) (quoting *Dahlia*, 735 F.3d at 1067 n.4).

The first *Eng* factor requires the employee to show that he spoke on a matter of public concern. The district court properly found no question of material fact because neither of the two alleged instances of Murguia's speech was on a matter of public concern. *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1211 (9th Cir. 2015) (explaining that speech that deals with individual personnel disputes and grievances and that would be of no relevance to the public's evaluation of the performance of governmental agencies is generally not of public concern). Unless it is on a matter of public concern, a public employee's speech enjoys no First Amendment protection. *Id*. at 1212. Murguia's First Amendment retaliation claim under 42 U.S.C. § 1983 therefore fails as a matter of law.

Each party shall bear its own costs on appeal.

**AFFIRMED**.